AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**OSMANI FERNANDEZ**<br><br>_Defendant(s)_ | )<br>)<br>) Case No. **12-8351-WM**<br>)<br>)<br>)<br><br>FILED by ___ D.C.<br>SEP 10 2012<br>STEVEN M. LARIMORE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. - W.P.B. |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 8, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sec. 922(g)(1), 924(a)(2) | Did knowingly possess a firearm and ammunition having been previously convicted of a felony offense punishable by imprisonment for a term exceeding one year |

This criminal complaint is based on these facts:

Please see ATF Special Agent Sara Connor's attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Sara Connors, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __09/08/2012__

_Judge's signature_

City and state: __West Palm Beach, Florida__   U.S. Magistrate Judge William Matthewman
_Printed name and title_

## AFFIDAVIT

Your affiant, Sara Connors, first being duly sworn does hereby depose and state as follows:

1. I am an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since 1999. Some of my responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44). This affidavit is based upon your affiant's personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians. This affidavit does not contain every fact of this investigation, only the necessary information to support probable cause.

2. On September 8, 2012, your affiant and other law enforcement agents were working in an undercover capacity at the West Palm Beach Gun Show, which I know to be located in Palm Beach County and the Southern District of Florida. Your affiant received information from a law enforcement officer that a female, later identified as TC, was observed completing the ATF Form 4473 form for the purchase of a shotgun at a local vendor table in the gun show. Agents then observed a male, later identified as Osmani FERNANDEZ, physically pick up and carry the firearm away from the vendor table. Agents observed TC and FERNANDEZ exit the gun show and enter a vehicle, with FERNANDEZ as the driver. In the course of following the vehicle FERNANDEZ was driving, a Palm

Beach County Deputy Sheriff observed the vehicle make an improper lane change, and conducted a traffic stop concerning the infraction. After learning the driver's identifying information, A query of the Florida Department of Motor Vehicles revealed FERNANDEZ's driver license was suspended.

3. During the vehicle stop, TC told PBSO Agents that she had a handgun in her purse and that there was a shotgun in the trunk. CHADWICK stated that she had a concealed weapons permit and that they had just purchased the shotgun at the Gun Show.

4. TC agreed to give a recorded post-<u>Miranda</u> statement to your affiant and stated that she wanted to go to the gun show today with her boyfriend, Osmani FERNANDEZ, to purchase a shotgun for home protection. TC claimed that FERNANDEZ helped her choose which shotgun to purchase, as she did not know what to buy. TC stated that after she filled out the required paperwork for the sale, FERNANDEZ paid for the shotgun (approximately $340 dollars) with his debit card. TC advised that while she was filling out the paperwork, FERNANDEZ went to an ammunition vendor inside the gun show and purchased ammunition for the shotgun. TC stated she had nothing to do with the ammunition purchase. TC added that she could not remember the make or model of the shotgun that FERNANDEZ purchased at the gun show.

5. PBSO Agents recovered a Mossburg Model 500 12 gauge pistol-grip only shotgun, serial number U190419 from the trunk of the vehicle. PBSO Agents recovered one box (containing ten rounds) of Winchester PDX1 duel projectile

2

loads containing a one-ounce slug and 3 plated 00 buckshot pellets, and one white box containing 10 boxes of 5 rounds each (for a total of 50 rounds) of Federal 12 gauge rifled slug ammunition.

6. Your affiant conducted a recorded post-<u>Miranda</u> interview with Osmani FERNANDEZ. FERNANDEZ stated that he went to the gun show today with his girlfriend TC so she could purchase a shotgun for home protection. FERNANDEZ stated that he knows that he is a convicted felon, but that he is a knife collector, so he went to the gun show. FERNANDEZ stated that he asked the firearms dealer questions about the firearm that his girlfriend purchased and that he used his debit card to purchase it. FERNANDEZ also stated that he went to an ammunition vendor at the gun show and purchased ammunition for the shotgun using his debit card. FERNANDEZ admitted he handled the firearm to see how heavy it was and that he carried it for a brief time while at the gun show.

7. Your affiant conducted a criminal record check on FERNANDEZ and determined the following: On May 26, 1992, FERNANDEZ was convicted of grand theft, a felony offense. On May 25, 1993, FERNANDEZ was convicted of grand theft auto, a felony offense. On May 25, 1993, FERNANDEZ was convicted of possession of armor piercing ammunition, a third degree felony. All of these crimes occurred in the Court of the Fifteenth Judicial Circuit of Florida, and all are punishable by terms of imprisonment exceeding one year.

8. Your affiant has consulted with ATF Special Agent Alan Oxley who has received extensive training in the manufacture and commerce of firearms, and who has been admitted as an expert witness in the interstate commerce nexus of firearms and ammunition in the United States District Court for the Southern District of Florida, and elsewhere. Special Agent Oxley advised your affiant that Mossberg firearms, and Winchester and Federal shotgun ammunition, are not manufactured in the State of Florida and therefore, by their subsequent presence in the State of Florida, such of necessity traveled in and affected interstate commerce.

9. On the basis of the foregoing facts, your affiant submits that probable cause exists to believe Osmani FERNANDEZ illegally possessed a firearm and ammunition after being convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

FURTHER YOUR AFFIANT SAITH NAUGHT.

SARA CONNORS
SPECIAL AGENT
BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 8TH DAY OF SEPTEMBER, 2012,
AT PALM BEACH COUNTY, FLORIDA.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-8351-WM

UNITED STATES OF AMERICA

vs.

OSMANI FERNANDEZ,

        Defendant.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes  _X_ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _____
        JOHN C. McMILLAN, JR.
        ASSISTANT UNITED STATES ATTORNEY
        Admin. No. A5500228
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401-6235
        Tel: (561) 820-8711
        Fax: (561) 820-8777
        John.McMillan@usdoj.gov